MEDER *v.* SUPERIOR OIL CO.*

(Division B.   Dec. 17, 1928.)

[119 So. 318.   No. 27412.]

---

*Corpus Juris-Cyc. References: Contracts, 13CJ, section 237, p. 365, n. 66; Corporations, 14aCJ, section 2253, p. 403, n. 82; section 2258, p. 410, n. 34; Authority of officer of corporation implied from manner in which he does business, see 7 R. C. L. 623; 2 R. C. L. Supp. 418; 4 R. C. L. Supp. 492; 5 R. C. L. Supp. 415; 6 R. C. L. Supp. 455.

*Currie, Stevens & Currie,* for appellant.

*Rushing & Guice,* for appellee.

ETHRIDGE, P. J.   The appellant, plaintiff in the court below, filed a declaration in a suit against the Superior Oil Company, the appellee here, for damages on account of breach of a contract entered into between the plaintiff, Meder, and the Superior Oil Company, by R. B.

Royster, its secretary, treasurer, and manager, which contract reads as follows:

"For and in consideration of one dollar ($1) cash in hand paid the Superior Oil Company agrees to rent or lease to W. F. Meder the Service Station and Stores to be erected at the corner of Howard avenue and Main St., Biloxi, Miss. for the period of five (5) years and the option to renew for an additional five years, commencing June 1, 1927. The Superior Oil Company agreeing to use every effort to complete the building by June 1, 1927. The consideration for this option is that Lessee, W. F. Meder, agrees to pay to Superior Oil Company a monthly rental, payable monthly in advance, or one hundred twenty-five dollars, for the ground, plus eight per cent. on eight thousand dollars agreed to be spent upon the erection of said building. The building to consist of one Drive-in Service Station and two stores, one facing on Howard.avenue, and one on Main street. This agreement holds until May 15th, when formal agreement will be made.

Witness our signatures this the 28th day of April, 1927.

"SUPERIOR OIL COMPANY,

"F. B. ROYSTER, Secretary, Treas. & Mgr."

Thereafter, on May 26, 1927, the appellee wrote the following letter to the appellant:

"Mr. Wm. F. Meder, Foley, Ala.

"Dear Mr. Meder: With reference to progress on our Main street and Howard avenue Station, will advise that our Directors have come to the conclusion that it would be better for all concerned for us to defer the building of this station until the so-called "price war" has developed just the meaning of what this is. To us it looks more serious than it did and we would regret very much to build a station for a customer and then be unable to supply that customer with gasoline without a dead loss to him.

"It has been my intention to communicate with you sooner, but I have looked forward from day to day for an improvement in this price condition. Today it looks worse. As soon as we see it is to our best interest to go ahead with this station, we will advise you accordingly.

Yours very truly,

"SUPERIOR OIL COMPANY,

"F. B. ROYSTER,

"F. B. ROYSTER, MANAGER."

On receipt of this letter, the appellant had his attorney write the following letter to the appellee:

"Superior Oil Company, Biloxi, Mississippi.

"Dear sirs: Mr. Wm. F. Meder has requested me to write you with respect to your agreement with him of April 28, 1927, and to acknowledge your letter of May 26th. Mr. Meder has stood ready to carry out his part of the contract and was ready to do so before and on May 15th, and was prevented from doing so by you. You will readily understand that he has been damaged to a considerable extent by your failure to perform your agreement.

"If I do not hear from you within the next week I shall take the matter up with my correspondent in Mississippi.

"Please let me know your disposition in the matter.

"Yours very truly."

The defendant pleaded the general issue, and gave notice under the general issue that he would prove the following facts: That at the time the option sued on was given by Mr. Royster, manager of the defendant company, it was understood and agreed between the two parties that Mr. Royster had to submit same to the directors of the defendant company for approval, and that before the matter was submitted to the directors, the price of gasoline was lowered by rival companies doing business in Biloxi, to the extent that Mr. Royster and the plaintiff, appellant here, agreed that the proposed contract, as expressed in the option, was value-

less, and the same was abandoned by mutual agreement; and that the defendant would further show that the agreement sued on is not, and was not, binding upon the defendant, for the reason that Mr. Royster, neither personally nor as secretary, treasurer, and manager of the defendant company, had authority to make the contract for the defendant, as section 3 of the by-laws of the corporation provides that all the written contracts entered into in behalf of this corporation shall be signed by the president and secretary, and the corporate seal thereto attached, and that no contract shall be binding upon this corporation unless so made. The plaintiff, Meder, testified to the execution of the contract above set out, and that it was his recollection that a duplicate copy made at the same time on the same typewriter was signed by him, and delivered to Mr. Royster for the Superior Oil Company. He further testified that when the contract was executed, he went back home, disposed of some business interests, and was prepared to move to Biloxi, to enter into the business secured by this contract, when he received the letter set out above; that there was no agreement that the contract was to be approved by the directors, or any other person; and that he had no knowledge of any by-laws such as are set out in the notice under the general issue.

He further introduced evidence to show that the Superior Oil Company, acting through Mr. Royster, leased the ground embraced in the contract between Meder and the Superior Oil Company, acting solely for the corporation in making such lease, and also introduced other proof tending to show that Mr. Royster was in charge of the business, making various contracts for the corporation and signing contracts in its behalf, without any other official complying with the by-laws in reference thereto.

At the conclusion of the testimony, the trial judge granted a peremptory instruction for the defendant, from which this appeal is prosecuted.

The appellee, the Superior Oil Company, undertakes to justify the peremptory instruction upon two grounds: One, that the contract above set out was unilateral, not binding upon the plaintiff, and that the Superior Oil Company had a right to repudiate its contract, because it was without binding consideration and unilateral; and, second, because it is contended that Mr. Royster could not make a contract binding on the company because of the by-laws mentioned.

From a consideration of the terms of the contract, it appears that there was a payment of one dollar in money, and, in addition, an agreement on the part of the lessee to perform his part of the contract. We think that the testimony was sufficient to show that Meder signed a duplicate contract, binding himself.

We are of the opinion that the one dollar consideration recited in the contract is a sufficient consideration to bind the parties thereto, independent of any other consideration; but when taken in connection with the agreement on behalf of the plaintiff, the consideration is strengthened; in other words, we think the contract signed for a consideration by the Superior Oil Company binds it to the performance of that contract, and an action could be maintained for a breach thereof by the other party.

In reference to the second ground, that Royster had no authority to bind the corporation, we think the proof is sufficient to show that he did have authority to act for the corporation, and, as shown by the letter to Mr. Meder, the contract was not repudiated upon the ground that Royster did not have the power to make it, or that the Superior Oil Company relied upon any by-laws; but it is shown that the reason for repudiating the contract was that there was a price war in the oil market at Biloxi.

The facts introduced in evidence, to show Mr. Royster's authority, are sufficient for the jury to believe

therefrom that he had authority to act for the company in regard to the contract, and it was therefore error for the circuit judge to refuse to submit the issue to the jury.

The judgment will therefore be reversed, and the cause remanded for a new trial.

*Reversed and remanded.*